**George K. GORDON,**
**Plaintiff-Appellant,**

v.

**The STATE OF IDAHO, et al.,**
**Defendants-Appellees.**

**No. 84–3719.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 5, 1985.

Decided Dec. 19, 1985.

George K. Gordon, pro se.

Richard C. Boardman, Scott D. Hess, James J. Davis, Boise, Idaho, for defendants-appellees.

Before PREGERSON and WIGGINS, Circuit Judges, and WEIGEL, District Judge.[*]

PREGERSON, Circuit Judge:

The district court, under Fed.R.Civ.P. 37(b)(2)(C), dismissed with prejudice George K. Gordon's federal civil rights action for failure to comply with a discovery order that required him to take an oath or affirmation. Gordon appeals *pro se*. He contends that the district court, by dismissing the action, violated his First Amendment

[*] The Honorable Stanley A. Weigel, Senior United States District Judge for the Northern District of California, sitting by designation.

rights because taking an oath or affirmation is repugnant to his religious beliefs. We conclude that the district court abused its discretion in dismissing the action, and we reverse.

## FACTS AND PROCEDURAL HISTORY

George K. Gordon filed a *pro se* complaint alleging constitutional violations under 42 U.S.C. § 1983 against the State of Idaho, Ada County, several state and county officials, and other individuals. In his federal civil rights complaint, Gordon asserts that the defendants violated his First Amendment rights during the course of state civil proceedings by imprisoning him for twelve days for civil contempt for refusal to take an oath or affirmation.

The defendants in the instant federal civil rights action served Gordon with a Notice of Taking Deposition Duces Tecum and an Amended Notice of Taking Deposition Duces Tecum requiring him to appear at a deposition and testify under oath. Gordon appeared at the deposition but, because of his religious beliefs, refused to swear under oath or make an alternative affirmation. The defendants thereafter moved the district court to compel discovery. The district court granted that motion and specifically ordered Gordon either to swear or affirm before testifying at the rescheduled deposition. At the second deposition, Gordon again refused both to swear under oath or to affirm before testifying. The defendants thereafter filed a motion to dismiss pursuant to Fed.R.Civ.P. 37(b)(2)(C) [1] for failure to comply with the court's order. Following a hearing on the motion, the district court dismissed Gordon's federal civil rights action with prejudice. Gordon timely filed this appeal. Our jurisdiction is based on 28 U.S.C. § 1291.

## DISCUSSION

### I

#### *Standard of Review*

■ We review the district court's imposition of sanctions under Fed.R.Civ.P. 37(b)(2)(C) for abuse of discretion. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642–43, 96 S.Ct. 2778, 2780–81, 49 L.Ed.2d 747 (1976) (per curiam); *Rainbow Pioneer No. 44–18–04A v. Hawaii-Nevada Investment Corp.*, 711 F.2d 902, 905 (9th Cir.1983).

### II

#### *Dismissal Sanction*

■ Fed.R.Civ.P. 37(b)(2)(C) authorizes district courts to use the sanction of dismissal if a party fails to obey an order to provide or permit discovery under Rule 37(a). It is inappropriate for a district court to use the dismissal sanction, however, unless non-compliance with its discovery order results from the willfulness, bad faith, or fault of the noncomplying party. *Professional Seminar Consultants, Inc. v. Sino American Technology Exchange Council, Inc.*, 727 F.2d 1470, 1474 (9th Cir.1984). Where failure to comply with a discovery order results from the disobedient party's inability to comply or from circumstances beyond its control, the dismissal sanction should not be imposed. *National Hockey League*, 427 U.S. at 640, 96 S.Ct. at 2779; *United States v. Sumitomo Marine & Fire Insurance Co.*, 617 F.2d 1365, 1369 (9th Cir.1980).

■ In this case, the district court ordered Gordon to take an oath or to make an alternative affirmation before giving his deposition. The court's order specified the precise language that such an oath or alter-

---

1. Rule 37(b)(2)(C) provides in pertinent part as follows:

     (2) *Sanctions by Court in Which Action is Pending.* If a party ... fails to obey an order to provide or permit discovery, ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

     (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party ....

native affirmation was to take, despite Gordon's religious objection to taking an oath or using the word "affirmation." The court abused its discretion in insisting that Gordon use either the word "swear" or "affirm" in light of Gordon's sincere religious objections.[2]

■ The First Amendment's guarantee of the free exercise of religion requires that our procedural rules be interpreted flexibly to protect sincerely-held religious beliefs and practices. In *Callahan v. Woods*, 736 F.2d 1269, 1273 (9th Cir.1984), we set forth factors that courts must consider in determining whether a neutrally based statute violates the First Amendment guarantee of the free exercise of religion. We stated that the "government must shoulder a heavy burden to defend a regulation affecting religious actions." *Id.* at 1272. And we emphasized that it is "the 'least restrictive means' inquiry which is the critical aspect of the free exercise analysis." *Id.* The specific verbal formula offered by the district court was not the least restrictive means of assuring that Gordon testify truthfully at his deposition.

Courts that have considered issues involving oaths and affirmations have interpreted procedural rules flexibly to accomodate religious objections. In *Moore v. United States*, 348 U.S. 966, 75 S.Ct. 530, 99 L.Ed. 753 (1955) (per curiam), for example, the Supreme Court ruled that the trial court erred by refusing to allow a witness to testify because of his refusal to use the word "solemnly" in his affirmation. The Court held that there "is no requirement that the word 'solemnly' be used in the affirmation." *Id.* at 966, 75 S.Ct. 530, 99 L.Ed. 753. The Fourth Circuit has also noted that "all that the common law requires [of a criminal defendant testifying at trial on his own behalf] is a form of statement which impresses upon the mind and conscience of a witness the necessity for telling the truth." *United States v. Looper*, 419 F.2d 1405, 1407 (4th Cir.1969). *See also Baynes v. Ossakow*, 336 F.Supp. 386, 388 (E.D.N.Y.1972) (plaintiff's handwritten "affirmation" made expressly under penalty of perjury deemed a sufficient affidavit for purposes of defeating summary judgment motion).

Fed.R.Civ.P. 30(c) requires that deponents be placed under oath, and Fed.R.Civ.P. 43(d) allows the substitution of a "solemn affirmation" in lieu of an oath. We have found no authority insisting on the use of the word "affirm" in such alternative affirmations.

The Federal Rules of Evidence, which contain a provision parallel to Fed.R.Civ.P. 43(d), are also instructive on the need of the courts to protect minority religious views about oaths and affirmations. Fed. R.Evid. 603 states that every witness "shall be required to declare that he will testify truthfully, by oath or affirmation administered in a form calculated to awaken his conscience and impress his mind with his duty to do so." The advisory committee notes to Rule 603 illustrate that an affirmation need take no particular form: "The rule is designed to afford the flexibility required in dealing with religious adults, atheists, conscientious objectors, mental defectives, and children. Affirmation is simply a solemn undertaking to tell the truth; no special verbal formula is required." Fed.R.Evid. 603 advisory committee note.

■ This reasoning should also apply to affirmations at depositions under the Federal Rules of Civil Procedure. We therefore conclude that any statement indicating that the deponent is impressed with the duty to tell the truth and understands that he or she can be prosecuted for perjury for failure to do so satisfies the requirement for an oath or affirmation under Fed.R. Civ.P. 30(c) and 43(d). Deponents, further-

---

**2.** The district court's order stated:

The manner of swearing or affirmation may take one of the two following forms and none other:

(1) You do solemnly swear that the testimony you will give in this deposition will be the truth, the whole truth, and nothing but the truth, so help you God.

(2) You do affirm upon pain and penalty of perjury that the testimony you will give in this deposition will be the truth, the whole truth, and nothing but the truth.

more, need not raise their hand when they state the words necessary to satisfy Fed.R. Civ.P. 30(c) and 43(d) if to do so impinges on sincerely-held religious beliefs. This flexible approach is consistent with the constitutional obligation to protect the free exercise of religious beliefs by using the least retrictive means to further compelling state interests that impinge on such free exercise. *See Callahan,* 736 F.2d at 1273.

■ Gordon has demonstrated that raising his right hand and swearing an oath or making an affirmation violates his sincerely-held religious beliefs. The district court, therefore, should have explored the least restrictive means of assuring that Gordon would testify truthfully at his deposition. At oral argument before our court, Gordon said that before his deposition is taken he is willing to state: "I understand that I must tell the truth. I agree to testify under penalty of perjury. I understand that if I testify falsely I may be subject to criminal prosecution." [3] This statement, we believe, would satisfy Fed.R.Civ.P. 30(c) and 43(d). By failing to explore less restrictive means of assuring truthful deposition testimony, the district court abused its discretion when it dismissed Gordon's federal civil rights action. The court, therefore, erred in dismissing the action with prejudice for failure to comply with the discovery order directing Gordon to take an oath or make an affirmation.

REVERSED.

WEIGEL, District Judge, dissenting:

I respectfully dissent.

The alternative of affirming testimony (as distinguished from swearing to it) has been provided for all witnesses who, for religious or other reasons, object to oath taking. *See United States v. Looper,* 419 F.2d 1405, 1406 n. 2, 1407 (4th Cir.1969); *Gillars v. United States,* 182 F.2d 962, 969–70 (D.C.Cir.1950); Advisory Committee Note to Federal Rule of Evidence 603 ("This rule is designed to afford the flexibility required in dealing with religious adults, athiests, conscientious objectors, mental defectives and children."); 6 Wigmore on Evidence §§ 1815–1829; Weinstein's Evidence ¶ 603[1]. *Cf. Moore v. United States,* 348 U.S. 966, 75 S.Ct. 530, 99 L.Ed. 753 (1955) (per curiam) (affirmation need not include the word "solemn" if objected to on religious grounds).[1]

Appellant seeks to assert claimed rights in the federal courts. He should not be permitted to disregard reasonable Federal Rules of Procedure because of his insistence, however sincere, that his esoteric interpretation of one of those rules must prevail over the interpretation established by the federal courts.[2]

---

**3.** Because of his religious beliefs, Gordon also stated at oral argument that he would prefer to say: "I understand that I must accurately state the facts" in place of "I understand that I must tell the truth." That would also suffice, so long as Gordon acknowledges that he understands he is testifying under penalty of perjury.

**1.** The majority's reliance on *Callahan v. Woods,* 736 F.2d 1269 (9th Cir.1984) is, it seems to me, not well taken. The objection on religious grounds in that case was to the requirement of obtaining a Social Security number in order to receive public assistance benefits. No alternative was provided to that requirement.

**2.** Neither of the statements approved by the majority satisfies an important purpose of requiring oath or affirmation, i.e., to insure that the witness makes a conscious commitment to tell the truth. (*See Looper, supra; Wilcoxon v. United States,* 231 F.2d 384, at 387 (10th Cir. 1956), *cert. denied,* 351 U.S. 943, 76 S.Ct. 834,

100 L.Ed. 1469 (1957); *A Reconsideration of the Sworn Testimony Requirement: Securing Truth in the Twentieth Century,* 75 Mich.L.R. 1681 (1977).) To say that "I understand that I must tell the truth" or that "I understand I must accurately state the facts" is not a *promise* to tell the truth nor accurately to state the facts. Appellant was aware of this as shown by his statements at oral argument that

" . . . . Now the scripture says 'Let God be true though every man be a liar.' I'm simply saying that since we've all lied in the past and we've lied once or twice today and we're going to lie in the future, why kid ourselves by saying we tell the truth when in fact we do not. It's my position I would be guilty of perjury the moment I said 'Do you swear to tell the truth, the whole truth and nothing but the truth so help you God' and I say 'I do' I'm committing a lie."

Appellant's demand trivializes the vital purposes of the free exercise clause. Moreover, yielding to appellant's demand in this case tends to invite demands for special formulations in future cases and thus cause needless delay in the administration of justice.[3]

The trial court's dismissal of appellant's action should be affirmed.

---

3. The majority treats the trial court's action as an abuse of discretion relating to Fed.R.Civ.P. 37 which provides for sanctions. The question in this case relates to the interpretation of Fed. R.Civ.P. 43(d) which provides for affirmation. Even if the trial court erred, that would be reversible as an error of law, not an abuse of discretion. The majority, by accepting alternative language as complying with Rule 43(d), imposes no sanction. It simply holds there is no basis for any sanction so long as appellant accepts the language approved by the majority.