**Betty Ann FERGUSON, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

**No. 90–4430**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Jan. 22, 1991.

Betty Ann Ferguson, Metairie, La., pro se.

Peter K. Scott, Acting Chief Counsel, I.R.S., Gary R. Allen, David I. Pincus, William S. Rose, Jr., Asst. Attys. Gen., Dept. of Justice, Tax Div., Washington, D.C., for respondent-appellee.

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:

Betty Ann Ferguson appeals the Tax Court's dismissal of her petition for lack of prosecution after she refused to swear or affirm at a hearing. We find the Tax Court's failure to accommodate her objections inconsistent with both Fed.R.Evid. 603 and the First Amendment and reverse.

I.

This First Amendment case ironically arose out of a hearing in Tax Court. Although the government's brief is replete with references to income, exemptions, and taxable years, the only real issue is Betty Ann Ferguson's refusal to "swear" or "affirm" before testifying at the hearing. Her objection to oaths and affirmations is rooted in two Biblical passages, Matthew 5:33–37 and James 5:12. The passages refer only to oaths and swearing, but Ms. Ferguson explains her objection to affirmations in her brief to this court:

> Appellant is forbidden to swear as evidenced by the Bible directive from her God, and since the word "oath" has become synonymous and interchangeable with the word "affirmation," and the word "swear" [has] become synonymous and interchangeable with the word "affirm," as is evidenced in 1 U.S.C. 1 and many other authorities, it is appellant's sincere belief that "affirmation" is just an "other oath" and "affirm" falls with "swear not *at all.*" Also, "affirmation" is the chosen form of those who denounce the very existence of God. Because of these things, "swear" and "affirm" are very repugnant to appellant.

Ms. Ferguson, proceeding pro se, requested that Judge Korner consider the following statement set forth by the Su-

preme Court of Louisiana in *Staton v. Fought*, 486 So.2d 745 (La.1986), as an alternative to an oath or affirmation:

> I, [Betty Ann Ferguson], do hereby declare that the facts I am about to give are, to the best of my knowledge and belief, accurate, correct, and complete.

Judge Korner abruptly denied her request, commenting that "[a]sking you to affirm that you will give true testimony does not violate any religious conviction that I have ever heard anybody had" and that he did not think affirming "violates any recognizable religious scruple." Because Ms. Ferguson could only introduce the relevant evidence through her own testimony, Judge Korner then dismissed her petition for lack of prosecution. She now appeals to this court.

## II.

■ The right to free exercise of religion, guaranteed by the First Amendment to the Constitution, is one of our most protected constitutional rights. The Supreme Court has stated that "only those interests of the highest order and those not otherwise served can overbalance legitimate claims to the free exercise of religion." *Wisconsin v. Yoder*, 406 U.S. 205, 215, 92 S.Ct. 1526, 1533, 32 L.Ed.2d 15 (1972). *Accord Hobbie v. Unemployment Appeals Comm'n of Florida*, 480 U.S. 136, 141, 107 S.Ct. 1046, 1049, 94 L.Ed.2d 190 (1987); and *Sherbert v. Verner*, 374 U.S. 398, 403, 83 S.Ct. 1790, 1793, 10 L.Ed.2d 965 (1963). The protection of the free exercise clause extends to all sincere religious beliefs; courts may not evaluate religious truth. *United States v. Lee*, 455 U.S. 252, 257, 102 S.Ct. 1051, 1055, 71 L.Ed.2d 127 (1982); and *United States v. Ballard*, 322 U.S. 78, 86–87, 64 S.Ct. 882, 886–887, 88 L.Ed. 1148 (1944).

Fed.R.Evid. 603, applicable in Tax Court under the Internal Revenue Code, 26 U.S.C. § 7453, requires only that a witness "declare that [she] will testify truthfully, by oath or affirmation administered in a form calculated to awaken the witness' conscience and impress the witness' mind with the duty to do so." As evidenced in the advisory committee notes accompanying Rule 603, Congress clearly intended to minimize any intrusion on the free exercise of religion:

> The rule is designed to afford the flexibility required in dealing with religious adults, atheists, conscientious objectors, mental defectives, and children. Affirmation is simply a solemn undertaking to tell the truth; no special verbal formula is required.

*Accord* Wright and Gold, *Federal Practice and Procedure* § 6044 (West 1990).

The courts that have considered oath and affirmation issues have similarly attempted to accommodate free exercise objections. In *Moore v. United States*, 348 U.S. 966, 75 S.Ct. 530, 99 L.Ed. 753 (1955) (per curiam), for example, the Supreme Court held that a trial judge erred in refusing the testimony of witnesses who would not use the word "solemnly" in their affirmations for religious reasons.

In *United States v. Looper*, 419 F.2d 1405, 1407 (4th Cir.1969), the Fourth Circuit held that the trial judge erred in refusing the testimony of a defendant who would not take an oath that referred to God. Specifically, Looper had told the trial judge, "I can't [take the oath] if it has God's name in it. If you ask me if I'll tell the truth, I can say that." The Fourth Circuit concluded that any form or statement that impressed on the mind and conscious of the witness the necessity for telling the truth would suffice as an oath, citing proposed Rule 603. The opinion closed by advising trial judges faced with religious objections to an oath or affirmation "to make inquiry as to what form of oath or affirmation would not offend defendant's religious beliefs but would give rise to a duty to speak the truth." *Id.*

In *Gordon v. State of Idaho*, 778 F.2d 1397, 1400 (9th Cir.1985), the Ninth Circuit cited both *Moore* and *Looper* in reaching a similar conclusion under Fed.R.Civ.P. 43(d), a provision parallel to Rule 603. Like Ms. Ferguson, Gordon objected to using either the word "swear" or "affirm" and offered an alternative statement. The Ninth Circuit held that the trial judge abused his

discretion by refusing to even consider Gordon's proposed alternative. *Id.* at 1401.

The cases cited by the government, *United States v. Fowler,* 605 F.2d 181 (5th Cir.1979), and *Kaltenbach v. Breaux,* 690 F.Supp. 1551 (W.D.La.1988), are not contrary. In both cases, the witnesses completely refused to cooperate. Fowler would not accept even the simple statement, "I state that I will tell the truth in my testimony." *Fowler,* 605 F.2d at 185. And Kaltenbach's witness refused the very alternative proposed by Ms. Ferguson, the statement set forth in *Staton,* 486 So.2d at 745. *Kaltenbach,* 690 F.Supp. at 1556.

■ The government offers only two justifications for Judge Korner's refusal to consider the *Staton* statement. First, the government contends that the Tax Court was not bound by a Louisiana decision. This argument misses the point entirely; Ms. Ferguson offered *Staton* as an alternative to an oath or affirmation and not as a precedent.

The government also claims that the *Staton* statement is insufficient because it does not acknowledge that the government may prosecute false statements for perjury. The federal perjury statute, 18 U.S.C. § 1621, makes the taking of "an oath" an element of the crime of perjury. *Accord Smith v. United States,* 363 F.2d 143 (5th Cir.1966). However, Ms. Ferguson has expressed her willingness to add a sentence to the *Staton* statement acknowledging that she is subject to penalties for perjury. The government has cited a number of cases invalidating perjury convictions where no oath was given, but none of the cases suggest that Ms. Ferguson's proposal would not suffice as "an oath" for purposes of § 1621. *See Gordon,* 778 F.2d at 1401 n. 3 (statement by defendant that he understands he must accurately state the facts combined with acknowledgement that he is testifying under penalty of perjury would satisfy Fed.R.Civ.P. 43(d)).

The parties' briefs to this court suggest that the disagreement between Ms. Ferguson and Judge Korner might have been nothing more than an unfortunate misunderstanding. The relevant portion of their dialogue was as follows:

MS. FERGUSON: I have religious objections to taking an oath.

THE COURT: All right. You may affirm. Then in lieu of taking an oath, you may affirm.

MS. FERGUSON: Sir, may I present this to you? I do not—

THE COURT: Just a minute. The Clerk will ask you.

THE CLERK: You are going to have to stand up and raise your right hand.

MS. FERGUSON: I do not affirm either. I have with me a certified copy of a case from the Louisiana Supreme Court.

THE COURT: I don't care about a case from the Louisiana Supreme Court, Ms. Ferguson. You will either swear or you will affirm under penalties of perjury that the testimony you are about to give is true and correct, to the best of your knowledge.

MS. FERGUSON: In that case, Your Honor, please let the record show that I was willing to go under what has been acceptable by the State of Louisiana Supreme Court, the State versus—

THE COURT: We are not in the state of Louisiana, Ms. Ferguson. You are in a Federal court and you will do as I have instructed, or you will not testify.

MS. FERGUSON: Then let the record show that because of my religious objections, I will not be allowed to testify.

Ms. Ferguson contends that Judge Korner insisted that she use either the word "swear" or the word "affirm"; the government suggests instead that Judge Korner only required an affirmation which the government defines as "an alternative that encompasses all remaining forms of truth assertion that would satisfy [Rule 603]." Even Ms. Ferguson's proposed alternative would be an "affirmation" under the government's definition.

If Judge Korner had attempted to accommodate Ms. Ferguson by inquiring into her objections and considering her proposed alternative, the entire matter might have been resolved without an appeal to this court. Instead, however, Judge Korner

erred not only in evaluating Ms. Ferguson's religious belief, and concluding that it did not violate any "recognizable religious scruple," but also in conditioning her right to testify and present evidence on what she perceived as a violation of that belief. His error is all the more apparent in light of the fact that Ms. Ferguson was proceeding pro se at the hearing.

We therefore REVERSE the decision of the Tax Court and REMAND this case for further proceedings not inconsistent with this opinion.