UNITED STATES of America,
Plaintiff–Appellant,

v.

Luckey RICHARDSON, Jr.,
Defendant–Appellee.

No. 90–2846.

United States Court of Appeals,
Fifth Circuit.

Sept. 20, 1991.

Andrew Levchuk, Paula C. Offenhauser, Asst. U.S. Attys., Ronald G. Woods, U.S. Atty., Houston, Tex., for plaintiff-appellant.

Fred Galindo, Brownsville, Tex., for defendant-appellee.

Before KING and JOLLY, Circuit Judges.*

KING, Circuit Judge:

The government appeals the district court's order granting defendant Luckey Richardson's motion to suppress the evidence seized during a search of his home in Los Fresnos, Texas. The court granted Richardson's motion to suppress, finding that the search warrant violated the Fourth Amendment and Fed.R.Crim.P. 41 because the federal magistrate had failed to administer a proper oath or affirmation to Assistant United States Attorney John G. Crews before he communicated the information supporting the warrant. We reverse the grant and remand the case for further proceedings.

## I. FACTS

In connection with an ongoing investigation of drug-related activities in the Southern Texas "Valley" region, Agent Zachariah Shelton, who was participating in the investigation in the Valley, advised Agent Wayne Smith in Beaumont that he needed a warrant to search the Los Fresnos residence of Luckey Richardson. Agent Shelton informed Agent Smith that Shelton would have to prepare an affidavit to support the issuance of the warrant. Shelton prepared the affidavit and discussed its contents with Smith. Smith then called AUSA Crews and asked him to assist in obtaining the warrant. Shelton faxed a copy of his affidavit to AUSA Crews so that Crews could complete the paperwork necessary to request the warrant.

The initial plan called for Crews to present the affidavit and warrant application to the magistrate the following day. Instead, however, the circumstances of the investigation suddenly required the agents to obtain the warrant immediately so that they could execute it at the same time a number of related searches were in

progress. Crews called a federal magistrate and requested that the warrant be issued upon oral testimony pursuant to Fed.R.Crim.P. 41(c)(2).[1] Apparently without oath or affirmation, Crews read Shelton's unsigned affidavit over the phone to the magistrate. Based on the contents of that statement, the warrant was issued and executed.

As a result of the search, agents found and seized three firearms, which served as the basis for the grand jury to indict Richardson, who had been convicted of a previous felony, under 18 U.S.C. § 922(g)(1). Before trial, Richardson moved to suppress the guns seized during the search, arguing in part that the magistrate's failure to place AUSA Crews under oath violated Fed.R.Crim.P. 41 and the Fourth Amendment of the Constitution. After a hearing, the district court granted the motion, concluding that "officers could reasonably be held accountable through the exclusionary rule" for ensuring that the oath or affirmation requirement had been satisfied. The government appeals the grant, arguing that the district court's finding that the magistrate failed to administer the oath to AUSA Crews was clearly erroneous. The government alternatively maintains that even absent the oath, the agents' execution of the warrant comes within the good faith exception to the exclusionary rule as set forth in *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). We address each of these contentions below.

## II. ANALYSIS

The defendant challenging a search must show the warrant to be invalid by a preponderance of the evidence. *United States v. Osborne*, 630 F.2d 374, 377 (5th Cir.1980), *cert. denied*, 450 U.S. 934, 101 S.Ct. 1398, 67 L.Ed.2d 369 (1981). Initially, the defendant must make a *prima facie* showing of illegality. *United States v. De la Fuente*, 548 F.2d 528, 533–34 (5th

---

* Judge Alvin B. Rubin was a member of the original panel but died on June 11, 1991 before this decision was rendered. This matter is being decided by a quorum. 28 U.S.C. § 46(d).

1. The rule permits a federal magistrate to "issue a warrant based upon sworn oral testimony communicated by telephone or other reasonable means" if "the circumstances make it reasonable to dispense with a written affidavit."

Cir.1977). The government must then present rebuttal evidence. However, the burden of persuasion remains at all times with the defendant. *See id.* We may reverse the district court findings of fact only if we find clear error. *United States v. Maldonado,* 735 F.2d 809, 814 (5th Cir. 1984). In contrast, we independently review the district court's conclusions of law.

### A. *Oath or affirmation*

■ The district court's determination that the magistrate failed to administer the oath is one of fact, subject to reversal only if clearly erroneous. Although the evidence indicated that the magistrate had asked AUSA Crews whether everything he said was true and correct, the district court found that this question did not suffice as a formal oath or affirmation. The government argues that since Crews testified that the magistrate had placed him under oath, and the magistrate did not contradict this testimony, the district court should have accorded the magistrate's official act a presumption of regularity. We disagree with this reasoning. Because Crews and the magistrate were not aware that the recording equipment did not work properly, the magistrate failed to make any record of their communication. As a result, the issuance of the warrant already was in technical violation of Fed.R.Crim.P. 41(c)(2)(D),[2] and did not merit a presumption of regularity. Since the court could not review a tape or transcription of the telephone call between Crews and the magistrate, it acted well within its discretion in basing its decision on a thorough review of the testimony of Crews and the magistrate.

The court specifically relied on the magistrate's testimony that he could not recall whether he had used the word "swear" in asking Crews if the information was true and correct. The district court clearly could conclude that absent the word "swear," Crews' statement could not be considered an oath. "An oath or affirmation must contain an unequivocal promise to relate the truth." Charles A. Wright & Victor J. Gold, *Federal Practice and Procedure: Evidence* § 6044, at 274–75 (1990) (discussing oath or affirmation requirement of Fed.R.Evid. 603). As such, it "must be administered in a solemn manner calculated to awaken the conscience and remind the witness of his duty to speak the truth." *Id.* Because Crews' statement did not manifest a recognition of his duty to speak the truth, it fell short of being an oath or affirmation.[3] We, therefore, affirm the district court's conclusion that the warrant is in technical violation of Fed.R.Crim.P. 41(c)(2)(D)[4] because the magistrate failed to administer a proper oath or affirmation to Crews before he provided the information supporting issuance of the warrant. Moreover, because the relevant language of Rule 41 rests on the Fourth Amendment's oath or affirmation requirement,[5] we also agree with the district court that the warrant was constitutionally infirm.

### B. *Suppression of the evidence*

■ As the district court observed, the fact that the warrant violated Rule 41 or the Fourth Amendment's oath or affirmation requirement does not end the inquiry. Following *Leon* and our decision in *United States v. Comstock,* 805 F.2d 1194 (5th Cir.1986), the district court held that since the search of Richardson's residence violat-

---

2. The relevant portion of this subsection requires the federal magistrate to record by means of a voice recording device, or, if unavailable, to make a stenographic or longhand verbatim record.

3. *Cf. Ferguson v. Commissioner,* 921 F.2d 588, 590 (5th Cir.1991) (appellant who refused to use the word "swear" or "affirm" could satisfy oath or affirmation requirement by adding an acknowledgment that she was subject to penalties for perjury to the statement "I do hereby declare that the facts I am about to give are, to the best

of my knowledge and belief, accurate, correct, and complete").

4. This subsection of Rule 41 specifically requires a federal magistrate to "immediately place under oath each person whose testimony forms a basis of the application and each person applying for that warrant."

5. The Fourth Amendment commands that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation...." U.S. Const. amend. IV.

ed the Fourth Amendment, the guns found during the search should be suppressed. *Comstock* upheld a search where the federal agents executing the search had relied on a technically invalid warrant. This court found that the warrant was technically invalid because it was issued by a justice of the peace, "not a judge of a 'state court of record' as required by Fed.R.Crim.P. 41(a)." *Id.* at 1196. Nevertheless, suppression was not proper in that case because the agents had acted in a good faith belief that the warrant was valid. We concluded that

> where there is no constitutional violation nor prejudice in the sense that the search would likely not have occurred or been as abrasive or intrusive had Rule 41 been followed, suppression in these circumstances is not appropriate if the officers concerned acted in the affirmative good faith belief that the warrant was valid and authorized their conduct.

*Id.* at 1207. The district court found that since the warrant used to search Richardson's home violated the Constitution, it could not be evaluated under the lenient standard of *Comstock.* We agree with the district court that *Comstock* is not a perfect fit, but find that the evidence should not be suppressed because the search still comes within the good faith exception to the exclusionary rule articulated in *Leon.*

The district court determined that the good faith exception to the exclusionary rule did not apply to this case because *Leon* requires that officers not only rely on a warrant in good faith, but that their reliance be objectively reasonable to bring the case within *Leon*'s exception. The district court refused to make what it viewed as an extension of *Leon* to this case, reasoning that *"Leon* only shields officers when the question of probable cause is close and requires a subjective determination.... Unlike the probable cause determination, the question whether an oath was given does not require a difficult subjective inquiry."

Nevertheless, "[i]n the absence of an allegation that the magistrate abandoned his neutral and detached role, suppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." *Leon,* 468 U.S. at 926, 104 S.Ct. at 3422. This case does not present a situation in which a magistrate abandoned his neutral and detached role, or was misled by information that an affiant knew or would have known was false but for his reckless disregard of the truth. Nor was the decision to suppress the evidence based on a finding that the affidavit lacked probable cause for its issuance, or was facially deficient in some way. As a result, the facts do not come within any of the four scenarios to which the *Leon* Court envisioned the exclusionary rule would still apply. *See id.* at 923, 104 S.Ct. at 3421–22; *see also United States v. Tedford,* 875 F.2d 446, 449 (5th Cir.1989) (acknowledging *Leon*'s four scenarios). At most, the magistrate's failure to administer the oath was inadvertent; it clearly was not a departure from his neutral and detached role. The district court's decision rests on the fact that the information supporting the warrant was improperly presented, not on the fact that the warrant lacked probable cause, as was at issue in *Leon.* Since the district court did not find that AUSA Crews was dishonest or reckless in conveying the information contained in the draft of Shelton's affidavit, we find that it erred in excluding the guns found in the search of Richardson's home. We also disagree that the officers executing the warrant would be acting unreasonably if they could not ascertain whether the oath or affirmation requirement had been met under these circumstances. *Accord United States v. Matias,* 836 F.2d 744, 747 (2d Cir.1988) (rejecting a nearly identical claim "[b]ecause failure to put the agent formally under oath was an oversight," and "the agents' reliance on the facially valid warrant was clearly reasonable under the circumstances").

The policy underlying *Leon* also supports this result. The Fourth Amendment exclusionary rule "operates as a 'judicially created remedy designed to safeguard Fourth Amendment rights generally through its

deterrent effect, rather than a personal constitutional right of the party aggrieved'," *Leon*, 468 U.S. at 906, 104 S.Ct. at 3412 (quoting *United States v. Calandra*, 414 U.S. 338, 348, 94 S.Ct. 613, 620, 38 L.Ed.2d 561 (1974). A court should exclude evidence obtained while executing a subsequently invalidated warrant "only on a case-by-case basis and only in those unusual cases in which a grant of suppression will further the purposes of the exclusionary rule." *Id.* at 918, 104 S.Ct. at 3418.

Several reasons reveal why the evidence should not be suppressed in this case. First, "[p]enalizing the officer for the magistrate's error, rather than his own, cannot logically contribute to the deterrence of Fourth Amendment violations." *Id.* at 921, 104 S.Ct. at 3419. The rare occasion when a magistrate accidentally fails to administer an oath cannot be eliminated by suppressing the evidence in that situation. Second, it is unlikely that police will willfully and recklessly attempt to evade the oath or affirmation requirement. Officers cannot realistically hope to escape the oath or affirmation requirement, either through an outright refusal to swear or through "magistrate shopping." Third, suppressing the evidence seized in the case will add nothing to protect against an affiant who misrepresents the facts to the magistrate, nor will it encourage officers to take their chances in submitting deliberately or recklessly false information, for they will expect to be sworn when preparing their warrant applications. Because suppression in this situation would not serve a deterrent purpose, the district court erred in applying the exclusionary rule.

## III. CONCLUSION

We conclude that the district court erred in suppressing the evidence seized during the search of Richardson's home. Accordingly, we REVERSE the grant of suppression in this case and REMAND for further proceedings consistent with this opinion.