[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15069
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-00312-WSD-JKL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NIGEL MARC GORDON,
a.k.a. Nigel Mark Gordon,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 21, 2017)

Before TJOFLAT, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

Nigel Marc Gordon appeals his conviction after pleading guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(e), with the condition that he could appeal the district court's denial of his motion to suppress and subsequent motion to reconsider.  On appeal, Gordon asserts the court should have suppressed the evidence against him because the search warrant issued by Fulton County Magistrate Judge Roy Roberts violated the Fourth Amendment's oath or affirmation requirement.  Gordon contends that the warrant violated the Fourth Amendment because Judge Roberts and Detective Derek Williams failed to comply with the requirement in O.C.G.A. § 17-5-21.1, the Georgia video warrant statute, that the issuing judge administer the oath on camera and that the court maintain the video recording.  Additionally, Gordon contends that the exception to the exclusionary rule in *United States v. Leon*, 468 U.S. 897 (1984), does not apply because Judge Roberts abandoned his judicial role in failing to administer an oath and the lack of an oath rendered the warrant facially invalid under *Groh v. Ramirez*, 540 U.S. 551, 563 (2004).[1]

---

[1] In *Ramirez*, the Supreme Court held a search warrant was facially invalid because it failed to state with particularity the things to be seized even though the warrant application adequately described the things to be seized.  540 U.S. at 557.  The Supreme Court disagreed with the officer's position that the search was nonetheless reasonable because the warrant's complete failure to describe any items compelled the Court to treat the search as warrantless.  *Id.* at 558.  While the officer argued that the particularity requirement's goals were met because he orally described the items to the defendant when he initiated the search, the Court credited the defendant's account that the officer's description was minimal because the defendant was the non-moving party.  *Id.* at 563.  Thus, the Court held that the search was unconstitutional.  *Id.*

The district court did not clearly err[2] in crediting Detective Derek Williams's testimony to find that the evidence was seized pursuant to a valid warrant supported by an oath or affirmation. Moreover, even if the issuing magistrate judge failed to administer an oath or affirmation, the evidence was admissible because the detective acted in good faith and objectively reasonable reliance on the warrant. Accordingly, we affirm.

Notwithstanding the oath or affirmation requirement, when an officer obtains a faulty search warrant from a judge in good faith and his reliance on that warrant is objectively reasonable, the exclusionary rule's ordinary benefit— deterring officer misconduct—is minimal and does not justify exclusion. *Leon*, 468 U.S. at 922–923. The *Leon* exception does not apply when (1) the affiant knowingly or recklessly misled the judge issuing the warrant; (2) the judge wholly abandoned his judicial role; (3) the affidavit supporting the warrant is so lacking in probable cause that a belief in the existence of probable cause is unreasonable; or (4) the warrant is so facially deficient that the officer cannot reasonably presume

---

[2] A ruling on a motion to suppress presents a mixed question of law and fact, on which we review the district court's factual findings for clear error and legal conclusions *de novo*. *United States v. Johnson*, 777 F.3d 1270, 1273–74 (11th Cir.), *cert. denied*, 136 S. Ct. 178 (2015). We construe all facts in the light most favorable to the party prevailing below. *Id.* at 1274. A factual finding is clearly erroneous if, after reviewing all the evidence, we have a definite and firm conviction that the district court made a mistake. *United States v. Creel*, 783 F.3d 1357, 1359 (11th Cir. 2015). While the district court cannot base its findings on speculation, it may draw reasonable inferences from the facts in the record. *Id.* Further, we review *de novo* the district court's application of the *Leon* exception, though the district court's factual findings underlying its decision are binding on appeal unless clearly erroneous. *United States v. Robinson*, 336 F.3d 1293, 1295 (11th Cir. 2003).

its validity. *Id.* at 923. A judge abandons his judicial role by failing to manifest neutrality and detachment, such as by participating in the search or by failing to read and independently assess the information supporting the warrant application. *Lo-Ji Sales, Inc. v. New York*, 442 U.S. 319, 326–27 (1979); *United States v. Martin*, 297 F.3d 1308, 1317 (11th Cir. 2002). Further, we look to the totality of circumstances, including a well-trained officer's experience and other information outside of the warrant application, in determining whether a warrant is so facially deficient that an officer's reliance on it is objectively unreasonable. *Martin*, 297 F.3d at 1318–19.

Here, the district court did not clearly err in determining that the evidence was admissible because an oath or affirmation supported the warrant. While recording the oath or affirmation on video would have been helpful, the court held an evidentiary hearing and was entitled to find Detective Williams credible and rely on his testimony that Judge Roberts administered the oath before beginning the recording. *Brown*, 415 F.3d at 1267. Similarly, the court was permitted to infer from the video, which began in the middle of Judge Roberts's and Detective Williams's interaction, that Judge Roberts administered the oath before beginning the recording. Thus, we lack a definite and firm conviction that the district court committed clear error in finding that Judge Roberts administered the oath or affirmation. *Creel*, 783 F.3d at 1359. Moreover, Gordon's argument that Judge

Roberts's failure to record the oath in compliance with Georgia law precluded the district court's finding that the evidence was admissible because an oath supported the warrant is inapposite because Georgia search and seizure law does not control the admissibility of evidence this case. *See United States v. Butera*, 677 F.2d 1376, 1380 (11th Cir. 1982) (holding that it is well settled that federal law governs the admissibility of evidence in federal criminal cases, and complaints that the evidence was seized in violation of state law are ineffective).

Further, even if an oath or affirmation failed to support the warrant, the *Leon* exception to the exclusionary rule applies in this case.[3] Detective Williams attempted in good faith to obtain a valid search warrant and reasonably relied on his experience in believing that Judge Roberts issued a valid video warrant supported by an oath. *Leon*, 468 U.S. at 922–23. Moreover, Judge Roberts did not abandon his judicial role by participating in the search or failing to conduct his own independent assessment of the information supporting the warrant. *Lo-Ji Sales, Inc.*, 442 U.S. at 326–27; *Martin*, 297 F.3d at 1317. The record illustrates

---

[3] Note that the Eleventh Circuit has not yet addressed whether the *Leon* exception applies to prevent the exclusion of evidence seized pursuant to an unsworn warrant in a published opinion. The other five circuits that addressed this issue uniformly applied the *Leon* exception. *See United States v. Hessman*, 369 F.3d 1016, 1022–23 (8th Cir. 2004) (holding that law enforcement officers' reliance on an unsworn and unsigned search warrant was not objectively reasonable); *United States v. Kurt*, 986 F.2d 309, 311 (9th Cir. 1993) (holding that exclusion was inappropriate when the issuing magistrate failed to administer an oath to the officer); *United States v. Moore*, 986 F.2d 216, 223 (2d Cir. 1992) (holding that the lack of an oath or affirmation did not destroy the warrant's facial validity); *United States v. Richardson*, 943 F.2d 547, 548, 550–51 (5th Cir. 1991) (reversing a district court's decision to suppress where the agent failed to sign the affidavit and the issuing judge did not require an oath or affirmation).

that Judge Roberts read and independently assessed the information supporting the warrant application when he reviewed Detective Williams's affidavit and asked him follow-up questions before issuing the warrant. Finally, the lack of an oath supporting the warrant would not render the warrant so facially deficient that Detective Williams's reliance on the warrant was objectively unreasonable, given his typical experience of speaking under oath in the video warrant application process. *Martin*, 297 F.3d at 1318–19; *compare Richardson*, 943 F.2d at 550 (distinguishing a warrant application's lack of oath or affirmation from facial deficiencies like the lack of probable cause), *with Ramirez*, 540 U.S. at 563 (holding warrant's facial deficiency in failing to state with particularity the items to be seized rendered an officer's reliance on the warrant unreasonable).

In conclusion, because the warrant was supported by an oath when Judge Roberts swore in Detective Williams during the warrant application, the district court did not err in denying Gordon's motion to suppress and motion to reconsider. Moreover, even if the warrant was not supported by an oath, the *Leon* exception applies. Accordingly, we affirm.

**AFFIRMED.**