**In re Marriage of John HURLEY, Plaintiff–Respondent,**

v.

**Donna HURLEY, Defendant–Appellant.**

No. 42133.

Missouri Court of Appeals, Eastern District, Division Three.

July 15, 1980.

Motion for Rehearing or/for Transfer Denied Sept. 15, 1980.

Application to Transfer Denied Oct. 15, 1980.

George E. Sullivan, O'Fallon, for plaintiff–appellant.

James A. Stemmler, St. Louis, for defendant–respondent.

DOWD, Presiding Judge.

Donna Hurley, defendant–wife appeals from the trial court's denial of temporary maintenance. The couple was married in 1968. No children were born of the marriage.

Mrs. Hurley testified that she is thirty–two years of age, able–bodied and in good health. She is trained as a medical secretary and a dental assistant. She looked for employment in the State of Missouri for four weeks and then, at her husband's urging, returned to Massachusetts where she had worked prior to the Hurley's move to Missouri. She had been searching for a job in Massachusetts without success from the time she returned to that state until the date of the hearing on her request for temporary maintenance.

At the time of hearing defendant was receiving unemployment compensation from the State of Massachusetts in the amount of $65.00 a week. She is living with her sister, her sister's husband and four children in a thirteen room house in Massachusetts. Defendant was contributing $150.00 a month to her sister and husband for room and board but stated that she could not remain in their home indefinitely as her sister was planning to expand her family.

The record indicates that the defendant owns no income producing property and her personal property consists of furniture and personal effects valued at $800.00. The trial court denied defendant maintenance on the grounds that she is in good health and is capable of holding employment as a dental technician or secretary.

Section 452.335, RSMo 1969 requires, as a prerequisite to an award of maintenance, a determination that the party seeking the award has insufficient property to provide for his reasonable needs and is unable to support himself through appropriate employment. There is no question that Mrs. Hurley had insufficient property to provide for her needs but the trial court found that Mrs. Hurley was able to support herself through appropriate employment and that, therefore, the second prerequisite for an award of maintenance was not met. It is defendant's contention that in reaching this

conclusion the trial court erroneously applied § 452.335, RSMo 1969 in that the court construed the statutory language "unable to support herself" to mean unable to hold a job. The correct construction according to the defendant is not "unable to hold a job" but "unable to get a job." Defendant claims that her interpretation is the most logical and reasonable because if one cannot find a job,[1] despite diligent efforts to do so, one is, in the most real sense, unable to support herself.

In support of this interpretation of the statutory language, defendant cites but one case, *Spicer v. Spicer*, 585 S.W.2d 126 (Mo.App.1979). In that case the court reversed the trial court's judgment and remanded for redivision of the marital assets holding that an award of maintenance to the wife could not be substituted for her share of the marital assets. The phrase upon which defendant relies is a quote of a comment by one of the drafters of the 1970 version of the Uniform Marriage and Divorce Act that *"[o]nly if the available property is insufficient for the purpose and if the spouse who seeks maintenance is unable to secure employment appropriate to his skills. . . ."* *Id.* at 129. (Emphasis in opinion). This comment is the commissioner's interpretation of § 308 of the Uniform Marriage and Divorce Act not the Missouri Dissolution of Marriage Act and the word upon which defendant relies, "secure", is merely dicta and nowhere appears in § 452.335 of the Missouri Act. Defendant's reliance upon this case is clearly misplaced.

In keeping with the modern trend toward self-sufficiency of both spouses [*Brueggemann v. Brueggemann*, 551 S.W.2d 853, 857 (Mo.App.1977)] the courts have generally awarded maintenance in situations where the party seeking the award has devoted the majority of her life to household and maternal tasks thereby forfeiting the opportunity to develop occupational skills.

*See, e. g., Madden v. Madden*, 585 S.W.2d 220, 221 (Mo.App.1979). Maintenance awards have also been granted in situations where the spouse seeking maintenance requires further education or training to be able to support herself. *Goff v. Goff*, 557 S.W.2d 55, 57 (Mo.App.1977). Such awards are known as "rehabilitative maintenance". *Pederson v. Pederson*, # 41613 (Mo.App.E. Dist., April 29, 1980).

The defendant's circumstances fit neither of the above categories. Defendant has not referred us to any cases wherein a spouse of her age, health and skills was awarded maintenance and in the face of such factors we refuse to do so.

Defendant additionally requests this court to enter an order granting her suit money. This we decline to do.

We find that the trial court's interpretation of § 452.335, RSMo 1969 was without error and we, therefore, affirm its judgment.

REINHARD and CRIST, JJ., concur.

---

1. There is no evidence refuting defendant's testimony that she searched for work for four weeks in Missouri and for eight weeks in Massachusetts. She further testified that receipt of Massachusetts unemployment compensation benefits were expressly conditioned upon an active search for work. As she was receiving these benefits at the time of the maintenance hearing it is a reasonable conclusion that she was engaged in an active search for employment.