**Vicki M. HREBEC, Respondent,**

v.

**Donald HREBEC, Appellant.**

No. 53849.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 23, 1988.

Rehearing Denied Sept. 21, 1988.

Application to Transfer Denied
Nov. 15, 1988.

John Bleckman, Charles P. Todt, Clayton, for appellant.

Terry A. Bond, Kaveney, Beach, Bond, Ullom & Burcke, Clayton, for respondent.

CRIST, Judge.

Father appeals from the trial court's modification of his dissolution decree terminating his rights to visitation and temporary custody of his son and daughter. We affirm.

The marriage of the parties was dissolved on June 26, 1981. The decree provided the primary custody of the two children would be with mother and granted father visitation on alternate weekends and three weeks during the summer.

In August of 1983, pursuant to complaints from the children, mother refused to allow father to continue with the visitation. In November of 1983 father filed a motion for contempt against mother for her failure to allow the visitation and temporary custody provided for in the divorce decree. In January of 1984, mother answered, and filed a cross motion for contempt and a motion to modify the original divorce decree by terminating father's rights to visitation and temporary custody.

The trial court found a substantial change in circumstances warranted modification of the original decree in order to serve the best interests of the children. The court further found that visitation by father with the children would impair their emotional development. § 452.400(2), RSMo 1986. On appeal father questions the sufficiency of the evidence to support the trial court's findings.

On review, we give due deference to the trial court's assessment of what serves the best interests of the children. *Keith v. Keith,* 708 S.W.2d 350, 352 (Mo.App.1986). At the time of the hearing, daughter was fourteen and son was eleven. Although the evidence regarding father's abuse of daughter was stronger, a review of the evidence discloses that father had a violent temper and was physically and emotionally abusive to mother and both children. The relation of specific incidents would be of little aid in the resolution of this case.

Dr. Brockhaus, a clinical specialist in child psychiatry, testified on behalf of mother. She first counseled the children in September of 1983 and had seen son seventeen times and daughter sixteen times prior to trial. Dr. Brockhaus testified it would be in daughter's best interests if visitation with father was terminated. She recommended son have visitation with father for five hours every other week, along with counseling to improve their relationship.

There was also testimony from Sue Freeman, the children's school counselor. She had counseled both children regarding their problems with father. Jennifer Brooks, the Deputy Juvenile Officer who prepared the custody study, interviewed mother and father in her office and in their respective homes. She interviewed the children once in mother's home and once in father's home. She spoke to Sue Freeman, but not to Dr. Brockhaus. Ms. Brooks recommended supervised visitation between the father and both children and counseling.

Both mother and father testified. Father acknowledged most of the incidents related by the children had occurred, although he explained them in a different light. Mother testified to various incidents that happened while the children were visiting father, and asked that father's visitation with son be limited to five hours every other weekend and counseling be provided for both father and son. She further requested that father's visitation with daughter be terminated. Both son and daughter stated they did not want to visit with father. Daughter was especially adamant regarding her hatred for father.

Father contends that since both mother and her expert witness testified son should have some visitation with father, the court erred in terminating the same. We disagree. Expert opinions are helpful but not binding upon the trier of fact. *J.L.P.(H.) v. D.J.P.*, 643 S.W.2d 865, 868 (Mo.App.1982). The trial judge heard the testimony and observed the witnesses. Under the facts of this case, we cannot say his finding was not supported by the evidence.

Both children related fear and dislike of father. Both asserted they did not want visitation with father. *See Stuart v. Stuart*, 637 S.W.2d 371, 372[3] (Mo.App. 1982). Dr. Brockhaus, while testifying son should have limited visitation with father, also stated son was suffering from emotional abuse by father. These children are now fourteen and sixteen years old. *See Morrison v. Morrison*, 676 S.W.2d 279, 281 (Mo.App.1984) (factors to be considered include increased ages of children). Father and mother have been litigating this issue since 1983. Continuation of this discord by forced visitation would not be in the best interests of the children.

Father also asserts the trial court erred in requiring him to pay wife's attorney's fees because the evidence showed he and wife were in substantially equal financial positions. The trial court has broad discretion in awarding attorney's fees. *Hemphill v. Hemphill*, 710 S.W.2d 438, 439 (Mo. App.1986). The evidence discloses no abuse of discretion in this case.

Judgment affirmed.

REINHARD, J., concurs.

CRANDALL, P.J., concurs in separate opinion.

CRANDALL, Presiding Judge, concurring.

When this litigation began in 1983, the son was nine years old. He is now fourteen years old. Five years to resolve the issue of temporary custody of a child cannot be justified.

I concur in the majority opinion.