In re the **MARRIAGE OF Pamela Ann WAGGONER and Jay Eldon Waggoner, Jr.**

Pamela Ann **WAGGONER**, Petitioner–Respondent,

v.

Jay Eldon **WAGGONER, Jr.**, Respondent–Appellant.

No. 17218.

Missouri Court of Appeals, Southern District, Division Two.

Nov. 14, 1991.

Stephen R. Mitchell, Joe Z. Satterfield, Dexter, for petitioner-respondent.

Steven Privette, Willow Springs, for respondent-appellant.

MAUS, Judge.

On May 30, 1990, Pamela Ann Waggoner and Jay Eldon Waggoner, Jr.'s marriage was dissolved. Pamela was awarded custody of daughter Susan and son Paul. Jay was awarded custody of the eldest daughter Martha. The trial court ordered Jay to pay Pamela $225 per month, per child, for the two children in her custody. On July 30, 1990, Jay filed a motion to modify the decree so as to vest the primary custody of all the children with him or "alternatively, for a reduction in Respondent/Movant's child support to an appropriate amount considering his income and resources."

The following is a brief outline of the case. As stated, the dissolution decree was entered on May 30, 1990. That decree awarded Pamela custody of Susan and Paul, and awarded custody of Martha to Jay. Jay was ordered to pay Pamela $225 per month, per child, for the two children in her custody. There was no appeal from that decree.

On July 24, 1990, Pamela filed a motion for contempt against Jay, seeking enforcement of custody of Susan and visitation with Martha, as ordered in the original decree. On July 30, 1990, appellant filed

his answer to the motion for contempt. He also filed a counter motion for contempt and the motion to modify which is under consideration. On the same day, he filed a motion for change of venue and a change of judge. The motion for the change of venue was denied. The motion for the change of judge was granted.

On September 12, 1990, the motions for contempt and the motion to modify were heard. The court entered its decree on September 25, 1990. In that decree, the court overruled all pending motions, "except that the Decree of Dissolution of Marriage dated May 30, 1990, is modified with respect to visitation and temporary custody...." The court then, in great detail, specified the times and arrangements for visitation and temporary custody. Jay appeals the denial of the change of venue and the denial of his motion to modify the child support.

█ Jay's first point is

"[t]he court erred in denying appellant Jay Eldon Waggoner, Jr.'s, motion for change of venue in that appellant was entitled to a change of venue as a matter of right *as a motion to modify* is a civil case triable by jury upon questions of fact." (Emphasis added.)

Applicable Rule 51.03 does provide:

"(a) A change of venue *shall* be ordered in a civil action *triable by jury* which is pending in a county having seventy-five thousand or less inhabitants upon the filing of a written application therefor...." (Emphasis added.)

Nevertheless, the first point patently has no merit. Motions to modify have historically been tried to the court. Jay cites no authority to the contrary. There is none. Indeed, a relevant statute, in part, provides:

"All proceedings authorized in chapter 452 to be maintained in circuit court shall be heard by circuit judges, except that said proceedings may be heard by an associate circuit judge...." § 452.420.

The first point is denied.

Jay's second point is "[t]he court erred in not modifying the child support obligation of Jay Eldon Waggoner, Jr., in that:

"(A) All of the evidence adduced by the parties clearly supported a finding of continuing and substantial change in the financial circumstances of the parties.

\* \* \* \* \* \*

(B) The application of the guidelines and criteria set forth in Supreme Court Rule 88.01 would result in a change of child support from the existing amount by more than twenty per cent and, therefore, Jay Eldon Waggoner, Jr., met the burden of proof required by subsection (1) of Section 452.370 RSMo and established a prima facie case, and Jay Eldon Waggoner, Jr.'s child support should have been determined and modified by the court so as to comply with Supreme Court Rule 88.01."

The applicable statute, in part, provides: "[T]he provisions of any decree respecting maintenance or support may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable...." § 452.370.1.

The statute is "intended to provide for substantial and continuing changed circumstances *since* the decree", *Etling v. Etling*, 747 S.W.2d 285, 287 (Mo.App.1988), so that the "circumstances existing at the time of the modification hearing make the original decree unreasonable." *In re Marriage of Stanley*, 793 S.W.2d 487, 488 (Mo.App. 1990). "Where there has been a short period of time between the original decree and the time of filing the motion to modify the allegations must show an extraordinary change in circumstances." *Etling* at 287.

█ To support his inadequately-stated second point, Jay primarily relies upon his testimony concerning his net income after taxes in 1990. That testimony was: "This year it's about—My estimates are I'm making about $600 a month." He said that he was "going in the hole" by taking $200 per week from his businesses. He said "[l]ast year it was—On my tax return, it was around $7,000."

In relying on this testimony, Jay obviously overlooks the fact that "this year", in which he was making only $600 per month, includes the period both before and after

the decree of dissolution. That testimony scarcely establishes a continuous change of circumstances. He also fails to recognize the impact of that testimony. He said last year (1989) his income was around $7,000. This year (1990), his net income after taxes was $600 per month which is $7,200 for the year. He has established that his income has increased.

■ He also supports his second point by citing Pamela's rental income. This income results from marital property awarded to her. The fact such income would accrue to Pamela was before the court when it entered the dissolution decree. The fact it did is no basis for modifying that decree.

■ By part "(B)" of his second point, Jay argues the motion court erred because it failed to apply the guidelines or make the determination required by Rule 88.01. He bases this argument on the figures he presented—the inadequacy of which has already been discussed—and Pamela's rental income. In denying Jay's motion, the motion court expressly found "there have been neither substantial and continuing changes of circumstances nor such facts and circumstances unknown to the Court at the time of the entry of said Decree so as to make the Decree unreasonable or unfair in regard to the primary custody and support of the minor children." This is tantamount to a repetition of the finding in the dissolution decree that "[a]fter considering all relevant factors, the Court finds that the amount of presumed child support calculated pursuant to Missouri Civil Procedure Form 14 is unjust or inappropriate." Jay's second point is denied. The judgment is affirmed.

SHRUM, P.J., and MONTGOMERY, J., concur.