**Norman UMPHENOUR, Appellant,**

v.

**Charlotte UMPHENOUR, Respondent.**

**No. WD 45056.**

Missouri Court of Appeals,
Western District.

May 19, 1992.

As Modified May 20, 1992.

James T. Cook, Kansas City, for appellant.

Nancy A. Beardsley, Kansas City, James H. Young, Blue Springs, for respondent.

Before HANNA, P.J., and FENNER and ULRICH, JJ.

FENNER, Judge.

Appellant, Dr. Norman Umphenour, appeals from an order of the trial court modifying his child support obligation. The marriage between Dr. Umphenour and Respondent, Charlotte Umphenour, was dissolved in July of 1980. There were two children born of the marriage between the parties: Melissa Ann Umphenour, born June 26, 1968 and Stephanie Lee Umphenour, born May 4, 1971.

At the time of the dissolution, Stephanie was a sophomore in high school, while at the time of trial herein, she was a sophomore at the University of Kansas. Melissa was emancipated at the time of trial. At the conclusion of the proceeding herein, Norman Umphenour was ordered to pay child support on behalf of Stephanie in the total amount of $1,000 per month.

Dr. Umphenour is a veterinarian employed by Gainesway Farm in Lexington, Kentucky. Gainesway is a horse breeding farm that raises thoroughbred race horses. Dr. Umphenour's 1990 income tax return was not available at the time of trial, but his 1990 salary from Gainesway Farms was $106,949. Dr. Umphenour had additional income from other sources. Dr. Umphenour had income for consulting work from a company called IAMS. In 1989, Dr. Umphenour was paid $4,000 by IAMS, in 1990, $6,000, and in 1991, he had been paid $4,000 by IAMS. In 1989, Dr. Umphenour earned an additional $9,375 from the sale of a race horse and he had a current interest in a race horse for sale. He received income from stud fees in 1990 in the amount of $1,022 and he currently had semen from at least one race horse for sale. Dr. Umphenour's 1988 income tax return reflected a gross income of $111,071 and his 1989 return, $125,886.

Subsequent to his dissolution from Charlotte Umphenour, Dr. Umphenour was remarried to Piper Smith Umphenour. This subsequent marriage was dissolved in October of 1989. Dr. Umphenour was ordered to pay Piper Umphenour $1,800 per month alimony in addition to child support for two children born of their marriage in the total amount of $1,000 per month. The alimony payment was to end in October of 1991 at which time Dr. Umphenour was to make a lump sum payment to Piper Umphenour in the amount of $120,000. Dr. Umphenour stated that the $120,000 payment was to equalize the property division in his dissolution from Piper.

Respondent, Charlotte Umphenour is an attorney employed by the Federal Government. At the time of trial, Charlotte's gross annual earnings were $52,000.

■ Our review in this matter is as in other court tried cases. The decision of the trial court is to be affirmed unless it is not supported by substantial evidence, is against the weight of the evidence or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976).

■ In his first point on appeal, Norman Umphenour argues that the trial court, in setting his support obligation for Stephanie, misapplied the law, as stated in Rule 88.01 and accompanying Form 14, because the trial court failed to adjust his monthly gross income to reflect his other court-ordered child support and maintenance obligations.

Rule 88.01 provides as follows:

When determining the amount of child support to order, a court or administra-

tive agency shall consider all relevant factors, including:

(a) the financial resources and needs of the child;

(b) the financial resources and needs of the parents;

(c) the standard of living the child would have enjoyed had the marriage not been dissolved; ·

(d) the physical and emotional condition of the child; and

(e) the educational needs of the child. There is a rebuttable presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 is the amount of child support to be awarded in any judicial or administrative proceeding for dissolution of marriage, legal separation, or child support. It is sufficient in a particular case to rebut the presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 is correct if the court or administrative agency enters in the case a written finding or a specific finding on the record that the amount so calculated, after consideration of all relevant factors, is unjust or inappropriate.

Form 14 consists of a work sheet for calculating the presumed child support amount along with directions for use, comments and a schedule of basic child support obligations, and provides in relevant part, as follows:

| | | | | |
|---|---|---|---|---|
| 1. | Monthly gross income: | $ _____ | $ _____ | $ _____ |
| 2. | Adjustments: | | | |
| | a. Other court or administratively ordered child support payments being made | _____ | _____ | _____ |
| | b. Other spousal support payments being made | _____ | _____ | _____ |
| 3. | Adjusted gross income (Line 1 minus the sum of line 2a and line 2b): | _____ | _____ | _____ |
| 4. | a. Child support obligation (From schedule, using combined gross income from line 3): | | | _____ |
| | b. Custodial parent's reasonable work-related child care costs: | | | _____ |
| 5. | Combined child support costs (Line 4a plus line 4b): | | | |
| 6. | Proportionate shares of combined income (Each parent's line 3 income divided by line 3 combined income): | _____% | _____% | |
| 7. | Each parent's child support obligation (Multiply line 6 and line 5): | $ _____ | $ _____ | |
| 8. | PRESUMED CHILD SUPPORT AMOUNT | | $ _____ | |

## DIRECTIONS FOR USE

The custodial and noncustodial parent shall calculate the presumed child support amount by completing the worksheet as follows:

Worksheet, line 1

Enter one-twelfth of yearly gross income.

Gross income includes income from any source, except as excluded below ... [exclusions omitted]

.    .    .    .    .

Income earned from a second job of a sporadic or nonrecurring nature may be included in whole or in part in appropriate circumstances.

Significant employment-related benefits received by a parent may be counted as income.

. . . . .

Worksheet, line 2a

Enter the monthly amount of any other court or administrative order for child support from monthly gross income to the extent that such payments are actually being made.

Worksheet, line 2b

Enter the monthly amount of any other court or administrative order for spousal support from monthly gross income to the extent that such payments are actually being made to a person not a party to the action.

. . . . .

Worksheet, line 4a

Enter the amount determined by use of the attached schedule of basic child support obligations.

. . . . .

### COMMENTS

No schedule can encompass all of the necessary costs of child rearing or unusual circumstances. The following costs are not included in calculation of the child support amount set forth on the worksheet, line 8.

. . . . .

(B) Special needs. Educational expenses such as college, ... are not factored into the attached schedule. Similarly, extraordinary medical, dental orthodontic, and psychological expenses are not factored into the schedule.

The provisions of Rule 88.01 and the criteria under Form 14 for calculating presumed child support are mandatory. *Campbell v. Campbell*, 811 S.W.2d 504, 506 (Mo.App.1991). The trial court must take into consideration the factors set forth in Rule 88.01 and the calculations as provided in Form 14.

■ As provided in the Directions for Use for Form 14, it is the obligation of the parties to complete Form 14, not the obligation of the court. However, specific findings in relation to the calculations pursuant to Form 14 are helpful on review, whether undertaken in light of specific request for findings of fact by a party or upon the court's conscientious effort to provide a clear record for review. Regardless of the form of the court's order of child support, there must be evidence in the record to support the order, consistent with Form 14. Furthermore, any deviation from the calculation of presumed child support as provided under Form 14 must be supported by a specific finding on the record that the amount as calculated is unjust or inappropriate. Rule 88.01(e).

For review on appeal, the decisions of the trial court, in regard to the calculations required under Form 14, must be able to be determined from the record. They are in the case at bar.

The judgment of the trial court found Dr. Umphenour's monthly gross income to be $9,872 and Charlotte Umphenour's monthly gross income to be $4,367. These income figures were supported by the evidence.

The judgment provided "[t]hat upon application of the Missouri Supreme Court Rule 88.01, child support in the amount of $690.00 per month should be paid by [Dr. Umphenour], along with $310.00 per month for special needs (educational expenses) for a total child support obligation of $1,000.00 per month to be paid by [Dr. Umphenour]."

In determining Dr. Umphenour's child support obligation, the trial court specifically found that it was not appropriate to consider Dr. Umphenour's child support and maintenance obligations paid to his second wife, Piper Umphenour, and the two children of that marriage. The trial court also specifically found that it was not appropriate to consider Dr. Umphenour's fringe benefits from his employment in the calculation of child support.

Dr. Umphenour seems to be arguing under his first point on appeal that the trial court erred by not calculating presumed child support by means of filling in the blanks on Form 14 and then making whatever deviations the court found necessary. This argument ignores the fact that it is the parties' obligation to complete Form 14.

The record must show that the court's findings are consistent with Form 14 and to deviate from the presumed child support as calculated under Form 14, the trial court is required to make specific findings that the amount so calculated is unjust or inappropriate.

■ The judgment of the trial court was entered in May of 1991. In October of 1991, Dr. Umphenour's maintenance obligation of $1,800 per month to Piper Umphenour terminated. Dr. Umphenour was obligated to make a lump sum payment to Piper Umphenour upon termination of his monthly maintenance obligation, but by his own testimony, this payment was to equalize the property division. Under these facts and circumstances, it was not error for the trial court to determine that it was not appropriate to consider Dr. Umphenour's maintenance obligation to Piper Umphenour.

■ The record reflected that Dr. Umphenour was paying child support for the two children from his second marriage in the total amount of $1,000 per month, which sum was to increase in October of 1991 to $1,400. The record also reflected that Dr. Umphenour had fringe benefits from his employment with Gainesway Farms including insurance benefits, a house and a truck, for which all the expenses were paid by his employer. The evidence was that these fringe benefits had a value of $1,500 per month.

The additional child support expense and the additional income from fringe benefits had the effect of cancelling each other out. The trial court did not err by finding it inappropriate to consider these matters in setting child support in the case at bar.

Dr. Umphenour's first point is denied.

In his second point, Dr. Umphenour argues that the trial court erred by finding his monthly gross income to be $9,872.

This point is totally without merit. As referenced above herein, there was substantial evidence in the record to support this finding.

Dr. Umphenour's second point is denied.

In his third point, Dr. Umphenour argues that the trial court erred by ordering him to pay $310 per month for Stephanie's educational expenses over and above the amount of $690 per month of presumed child support as calculated pursuant to Form 14.

■ College expenses are properly considered as bearing on the amount of child support. *In Re Marriage Of Goodrich*, 622 S.W.2d 411, 413 (Mo.App.1981); Rule 88.01(e). Furthermore, educational expenses are not included in the calculations for Form 14. Form 14, Comments (B). Therefore, when supported by the evidence, it is appropriate for the court to make an additional allowance of child support, in addition to the presumed amount under Form 14, for the educational needs of a child.

■ Dr. Umphenour argues under this point that he should have been allowed some credit against the $690 presumed child support because he was ordered to pay an additional $310 for Stephanie's college expenses.

The evidence was that Stephanie's college expenses total $1,000 per month. Additionally, Charlotte Umphenour must maintain a home for Stephanie in that Stephanie comes home frequently during the school year and lives at home during the summer.

Considering all relevant circumstances, it was not error for the trial court to order that Dr. Umphenour pay the sum of $310 per month toward Stephanie's educational expenses in addition to $690 per month in presumed child support.

The judgment of the trial court is affirmed.

All concur.