**STATE of Missouri, Plaintiff–Respondent,**

v.

**Edward W. BOWLIN, III, Defendant–Appellant.**

**No. 18264.**

Missouri Court of Appeals,
Southern District,
Division Two.

March 25, 1993.

Edward W. Bowlin, III, pro se.

No appearance for plaintiff-respondent.

GARRISON, Judge.

In this court-tried case, defendant was convicted of the misdemeanor offense of operating a motor vehicle without a valid operator's license pursuant to § 302.020.[1] As indicated later in this opinion, we are constrained to reverse and remand for further proceedings.

Our review of this case is not aided by the State's failure to file a brief. No penalty is prescribed for failure to file a brief on an appeal of a misdemeanor conviction. *State v. Harrington,* 679 S.W.2d 906, 907 (Mo.App.1984); *State v. Michaels,* 543 S.W.2d 245, 247 (Mo.App.1976). However, this leaves us with nothing presented other than the pro se arguments of defendant. It is not the function of the appellate court to serve as advocate for any party to an appeal. When one party fails to file a brief, the court is left with the dilemma of deciding the case (and possibly establishing

---

**1.** All references to statutes are to RSMo 1986, V.A.M.S.

precedent for future cases) without the benefit of that party's authorities and points of view. Appellate courts should not be asked or expected to assume such a role. *Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978).

■ In his first point on appeal, defendant contends the court erred and abused its discretion in overruling his motion to allow witnesses to testify without taking an oath, and in refusing to permit them to testify unless they swore or affirmed. This issue was raised by defendant on two occasions. The first was his motion to allow his witnesses to testify without taking an oath which required them to swear. Paraphrased, the motion indicated that persons of defendant's religion are barred from swearing and are instructed to only give asseveration while testifying. The request was that they be permitted to testify after stating their testimony would be under the pains and penalties of perjury. This motion was overruled.

At trial, the following occurred after the State rested its case:

MR. BOWLIN: We had earlier, Your Honor, a disposition. Will I be allowed to take the stand without taking—without affirming, Your Honor?

THE COURT: No. If you're going to testify, you'll have to affirm.

MR. BOWLIN: Okay, Your Honor.

THE COURT: You don't wish to affirm?

MR. BOWLIN: No, sir. I can't. My religion—

THE COURT: All right. Do you have any other witnesses or evidence—

MR. BOWLIN: I only have one, Your Honor.

THE COURT: —to present to the Court?

MR. BOWLIN: And he's a Hebrew, too, and can't affirm.

THE COURT: All right. So, you have no evidence or testimony to present to this court?

MR. BOWLIN: No, sir.

Section 492.040 provides:

Whenever the court or officer by whom any person is about to be sworn shall be satisfied that such person has any peculiar mode of swearing connected with or in addition to the usual form of administering oaths, which is to him of more solemn and binding obligation, the court or officer shall adopt that mode which shall appear to be most binding on the conscience of the person to be sworn.

Additionally, § 492.060 provides, in pertinent part:

In all cases in which an oath or affirmation is required or authorized by law, every person swearing, affirming or declaring, in whatever form, shall be deemed to have been lawfully sworn. . . .

■ No special litany is required in administering an oath. The important feature, regardless of the form of oath, is its quickening of the conscience of the witness and the liability it creates for the penalty of perjury. *State v. McClain*, 541 S.W.2d 351, 356 (Mo.App.1976). Concerning the sufficiency of an oath, this court said:

The criterion for the sufficiency of an oath has also received the following expression. "[I]t follows that the *form* of the administration of the oath *is immaterial*, provided that it involves, in the mind of the witness, the bringing to bear of this apprehension of punishment." 6 Wigmore, Evidence § 1818 (Chadbourn rev.1976).

*State v. Spulak*, 720 S.W.2d 396, 398 (Mo. App.1986).

In the *Spulak* case, *supra*, a non-party witness informed the court that he could not swear or affirm, because of his religious beliefs, but was willing to declare that he would testify subject to the penalty of perjury. Like the instant case, the trial court refused to permit the testimony of that witness and others unless they took the oath or affirmed. This court said, 720 S.W.2d at 398:

The form of an oath required to make a person a qualified witness has been most often considered in the context of the First Amendment's guarantee of freedom of religion. That context is present in this case. It has been held,

"The court abused its discretion in insisting that Gordon use either the word 'swear' or 'affirm' in light of Gordon's sincere religious objections." *Gordon v. Idaho,* supra [778 F.2d 1397] at 1400 [(9th Cir.1985)].... The trial court erred in refusing to permit the tendered witnesses to testify.

*United States v. Looper,* 419 F.2d 1405 (4th Cir.1969), is also very similar to the present case. There, the trial court refused to permit defendant and one of his witnesses to testify unless they would "take an oath or affirm." Defendant indicated he could not, for religious reasons, do that but said, "If you ask me if I'll tell the truth, I can say that." The court found error had been committed in refusing to permit the witnesses to testify, saying:

> If defendant's religious beliefs made repugnant or impossible to him an appeal to God or the raising of a hand as part of an oath or affirmation (and in this regard, his statement was to be believed), all the district judge need do is to make inquiry as to what form of oath or affirmation would not offend defendant's religious beliefs but would give rise to a duty to speak the truth. The district judge could qualify defendant to testify in any form which stated or symbolized that defendant would tell the truth and which, under defendant's religious beliefs, purported to impress on him the necessity for so doing.

*United States v. Looper,* supra, at 1407.

■ Even though the State has filed no brief and therefore has not raised the issue, we are aware that defendant made no offer of proof concerning his proposed testimony and that of his witness. In *State v. Spulak,* supra, failure to make an offer of proof in a similar situation did not prevent reversal. An offer of proof serves two purposes: (1) to inform the court and opposing counsel of the substance of the excluded evidence in order that they may take appropriate action; and (2) to provide the appellate court with a record with which to determine whether the exclusion was erroneous and whether it created prejudice to the appellant. *State v. Spulak,*

*supra,* at 399. As discussed in *Spulak,* an offer of proof is not required when it would be futile and would serve no purpose. Here, it appears that an offer of proof would have been a useless gesture because the basis for exclusion dealt solely with the matter of the oath to be administered and had nothing to do with the content of the witnesses' testimony.

We have no record of the expected testimony of defendant and his witness which would satisfy the second purpose of an offer of proof. Our courts, however, have recognized that the erroneous exclusion of evidence in a criminal case creates a presumption of prejudice which "can only be overcome by a showing that such erroneous exclusion was harmless error beyond any reasonable doubt." *State v. Bashe,* 657 S.W.2d 321, 325 (Mo.App.1983). A criminal defendant has a basic, constitutional right to call witnesses in his defense. *State v. Brown,* 549 S.W.2d 336, 346 (Mo. banc 1977); *State v. Blakeley,* 438 S.W.2d 262, 264 (Mo.1969). Here, the State makes no showing that the exclusion was harmless.

We conclude that the trial court erred by preventing defendant and his witness from testifying unless they were willing to take an oath by affirmation. The court should have determined whether the form of oath/commitment suggested by defendant, or perhaps some other alternative form, would create a solemn and binding obligation on the conscience of defendant and his witness to speak the truth under the penalty of perjury as required by § 492.-040. If so, they should have been permitted to testify. Accordingly, we reverse and remand this case for that reason.

Defendant's second point on appeal is as follows:

> The circuit court erred and abused its discretion in overruling the appellant's "motion to dismiss for want of jurisdiction" because the appellant's rights of due process were violated in that the appellant was not legally informed of the charges against him and the information was filed on a defected [sic] complaint.

Rule 30.06(d)[2] requires that a point relied on "shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous...." It also provides that "[s]etting out only abstract statements of law without showing how they are related to any action or ruling of the court is not a compliance with this Rule."

Defendant's second point does not explain "wherein and why" the trial court erred in overruling the motion. Any effort to decipher the specifics about this complaint would at least require resort to the transcript or argument section of the brief. It, therefore, fails to comply with the mandatory requirements of Rule 30.06(d) and preserves nothing for appellate review. *State v. Smith,* 770 S.W.2d 469, 472 (Mo. App.1989). *See also Thummel v. King,* 570 S.W.2d at 685.

For the above reasons, we reverse and remand this cause for further proceedings.

FLANIGAN and PREWITT, JJ., concur.

---

**2.** All references to rules are to Missouri Rules of Court, V.A.M.R.