**Sue Ellen CLARE, Respondent,**

v.

**Vernie Julius CLARE, Appellant.**

**No. WD 46720.**

Missouri Court of Appeals,
Western District.

May 11, 1993.

Elton W. Fay, Columbia, for appellant.

Jean Strandberg Goldstein, Columbia, for respondent.

Before FENNER, P.J., and ULRICH and SPINDEN, JJ.

PER CURIAM:

Vernie Julius Clare appeals the trial court's order modifying his child support obligation. He contends that the trial court erred by awarding more child support than the Form 14 amount without a finding that the Form 14 amount was unjust or inappropriate. We reverse.

On July 2, 1985, the trial court dissolved the parties' marriage. On November 7, 1990, the trial court modified the decree of dissolution to require that Vernie Clare pay $250 a month in child support for each of the two children born of the marriage. At

that time, Vernie Clare earned about $482 a week working for a hydraulic components manufacturer.

His employer terminated his job during March 1992. He received $6793.63 in severance pay, and he withdrew his share of the company's retirement fund, $1805.97. He later found a part-time job, paying $675 a month, as a maintenance worker.

As soon as he lost his job, he filed a motion to modify the decree of dissolution to reduce his child support obligation. He also asked for a temporary child support reduction *pendente lite* and supported the request with a Form 14 listing his gross income as $736 a month and computing his total child support obligation as $170.70 a month. On May 7, 1992, the trial court issued a temporary order reducing his total child support payment to $320 a month.

On May 4, 1992, Sue Clare filed a Form 14 computing Vernie Clare's gross income at $833 a month and a total child support obligation of $262 a month. On August 4, 1992, Vernie Clare filed a revised Form 14 in which he calculated a monthly gross income of $675 a month and a total child support obligation of $154.38 a month.

On August 11, 1992, the trial court entered its judgment. It ordered Vernie Clare's child support "continued as fixed in order of May 7, 1992 at $160 per child per month, court having due regard for [his] former employment, ability to earn, retirement and pension benefits received."

Vernie Clare appeals, claiming that the trial court ordered him to pay more than the Form 14 amount. He argues that the trial court cannot do this without finding that the Form 14 amount was unjust or inappropriate, and the trial court did not make such a finding.

Rule 88.01(e) establishes a rebuttable presumption that child support calculated pursuant to Form 14 is the amount to be awarded by the trial court. The rule also provides that a written or specific finding on the record that the Form 14 amount, after considering all relevant factors, is unjust or inappropriate will overcome this presumption.

This requirement for a written or specific finding on the record is mandatory. *Michel v. Michel*, 834 S.W.2d 773, 779 (Mo. App.1992). This makes it necessary for a trial court to determine the correct figures to be entered into the form. *Id.*

The trial court did not adopt either party's proposed Form 14 calculations. The trial court made its own calculations and reached a result of $160 a month child support more than Vernie Clare calculated, and nearly $60 a month more than Sue Clare's calculation. The record does not indicate how the trial court made its calculations.[1]

When a custodial parent offers evidence rebutting the Form 14 presumption, the trial court must enter into the record a finding which includes the actual numbers it used in calculating the non-Form 14 child support and the factors which made the Form 14 amount inappropriate. *Harding v. Harding*, 826 S.W.2d 404, 407 (Mo.App.1992). Because the trial court did not do this, we reverse its judgment and remand this cause to it either to enter a finding that the Form 14 amount was unjust or inappropriate or to order the Form 14 amount. *Beeman v. Beeman*, 816 S.W.2d 15, 17 (Mo.App.1991).

---

1. When a trial court makes its own child support calculations, it would be helpful for it to complete Form 14 and include it in the record.

*Mocciola v. Mocciola*, 834 S.W.2d 872, 873 (Mo. App.1992).